NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF IRWIN WITTY, et al., | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | |
| v. | **OPINION** |
| | Civil Action No. 02-1933 (DMC) |
| PRIMUS TELECOMMUNICATIONS GROUP, INC., et al. | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon 1) Plaintiffs Irwin Witty, Noah Witty and Avraham Witty's ("Plaintiffs") motion to Amend Caption and Amend Order of Default Judgment, 2) Individual Defendants Rabbi Isaacson, Shloime Isaacson, Rivky Isaacon, Susan Laura Isaacson, Samuel Danielli, Allen Licht, and Defendant Beth Solomon Congregation and its affiliates *pro se* motion to vacate default judgment and 3) Defendant Rabbi Issacson's motion to vacate default judgment. Oral argument was heard by the Court on June 19, 2006. The Court has considered all of the arguments raised by the parties, and for the reasons stated below, Plaintiffs' motion to amend the caption and amend the order of default judgment is granted, and Defendants' motions to vacate default judgment are denied.

## I. BACKGROUND

      On February 7, 2005, this Court entered final judgment by default against Defendants Euburn Richard A. Forde, Tutornet.com, Inc, Tutornet.com Group, Inc., Congregation Beth

1

Solomon, Congregation Beth Solomon Charity Fund, Congregation Beth Solomon Gemilus Chesed Fund, Congregation Beth Solomon Holiday Fund, Congregation Beth Solomon II Building Fund, Congregation Beth Solomon Learning Center, Inc., Congregation Beth Solomon Maintenance Fund, Congregation Beth Solomon Mentoring Program, Congregation Beth Solomon Playgroup, Congregation Beth Solomon Senior Citizen Kitchen, Congregation Beth Solomon Soup Kitchen, Solomon Isaacson, Shloime Isaacson, Rivky Isaacon, Susan Laura Isaacson, Samuel Danielli, Allen Licht, and Tom Knox ("Defendants") on behalf of Plaintiffs Irwin Witty, Noah Witty, and Avraham Aryiah Witty ("Witty Plaintiffs").  On February 23, 2005, this action was dismissed by the Court without prejudice and the case was closed.  On February 7, 2006, the Witty Plaintiffs filed a Motion to Amend the Caption and Amend the Order of Default Judgment against Defendants Congregation Beth Solomon, Congregation Beth Solomon Charity Fund, Congregation Beth Solomon Gemilus Chesed Fund, Congregation Beth Solomon Holiday Fund, Congregation Beth Solomon II Building Fund, Congregation Beth Solomon Learning Center, Inc., Congregation Beth Solomon Maintenance Fund, Congregation Beth Solomon Mentoring Program, Congregation Beth Solomon Playgroup, Congregation Beth Solomon Senior Citizen Kitchen, Congregation Beth Solomon Soup Kitchen, Solomon Isaacson, Shloime Isaacson, Rivky Isaacon, Susan Laura Isaacson, Samuel Danielli, Allen Licht, ("Defendants"). On February 23, 2006, Defendant Rabbi Solomon Issacson filed a *pro se* "Motion to Set Aside Default Judgment" and a "Response to Witty Parties' Motion to Amend Order of Default Judgment." on behalf of himself, Shloime Isaacson, Rivky Isaacon, Susan Laura Isaacson, Samuel Danielli, Allen Licht, and on behalf of the various Congregation Defendants. Rabbi Solomon is the Chief Executive Officer on Congregation Beth Solomon and claims to be

authorized to act on their behalf.  Individual Defendants Shloime Isaacson, Rivky Isaacon, Susan Laura Isaacson, Samuel Danielli, Allen Licht signed the *pro se* motion papers, and Rabbi Issacson purports to sign on behalf of "Beth Solomon Congregation and other affiliates."  A second, separate Motion to Vacate Default Judgment was filed by counsel for Defendant Issacson on March 31, 2006.  At oral argument, Defendant Issacson's lawyer stated that she represented Rabbi Issacson as well as all various Congregation Defendants.  Other individual defendants did not appear at oral argument and are not represented

## II. DISCUSSION

**Plaintiffs' Motion**

Plaintiffs seek three forms of relief in their motion.  First, Plaintiffs seek an Order pursuant to Fed. R. Civ. P. 25(a) amending the caption in this action to the "Estate of Irwin E. Witty" from "Irwin Witty" on account of Mr. Witty's death.  Second, Plaintiffs seek an Order pursuant to Fed. R. Civ. P. 15(c) adding additional aliases of the Defendant non-profit entities as named defendants in the action and the caption.  Third, Plaintiffs ask this Court for an Order pursuant to Fed. R. Civ. P. 60(a) amending the Order of Default Judgment issued by this Court on February 7, 2005, to reflect that Defendants are in default in the amount of $57,000.00.

*Substitution of Parties*

Pursuant to Fed. R. Civ. P. 25(a), "if a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties.  The motion for substitution may be made by any party."  Plaintiffs' attorney and *pro se* Plaintiff Noah Witty, Esq. has submitted a certification averring that Plaintiff Irwin E. Witty died on July 30, 2005, and that his widow and executrix of his estate is Shulamith P. Witty.  As such, Plaintiffs ask this Court to

substitute for Plaintiff Irwin E. Witty, Plaintiff "Estate of Irwin E. Witty, Shulamith P. Witty Executrix of the Estate of Irwin E. Witty." The Court finds Plaintiffs' request to be reasonable and the caption in the instant action will be amended from "Irwin E. Witty" to the "Estate of Irwin E. Witty, Shulamith P. Witty Executrix of the Estate of Irwin E. Witty."

*Leave to Amend Caption and Named Defendants*

Plaintiffs ask this Court to issue an order amending the caption so that Defendant Congregation Beth Solomon would be identified as follows: CONGREGATION BETH SOLOMON a/ka SUBURBAN BETH SOLOMON, a/ka CONGREGATION BETH SOLOMON SYNAGOGUE AND COMMUNITY CENTER, a/ka CONGREGATION BETH SOLOMON SUBURBAN OF SOMERTON a/ka CONGREGATION BETH SHALOM. Plaintiffs claim that these aliases are legally non-existent entities and that no constitutional injustice would result from the amendment of the caption.

Plaintiffs direct this Court to Flynn v. Best Buy Auto Sales, 218 F.R.D. 94 (E.D.Pa. 2003), where after entry of default judgment, the court denied the plaintiff's motion to amend and correct the caption, where the plaintiff sought to add individual defendants. In denying the plaintiff leave to amend, the Court noted inexcusable neglect, and the existence of prejudice and delay. The District Court cited to Triangle Distributors Inc. v. Shafer, Inc., 943 F.2d 52, 1991 WL 164333 (6th Cir.1991), where the Court of Appeals for the Sixth Circuit denied a similar motion to amend, filed after the entry of a default judgment, citing inexcusable neglect on the part of the plaintiff. Flynn, 218 F.R.D. 94, 98 (E.D.Pa.2003). Here, Plaintiffs concede that the names to be added could have been known earlier, but appear to be arguing that a lack of

4

prejudice to Defendants should outweigh this neglect. They maintain that no prejudice will result to Defendants because the aliases sought to be added are legally non existent.

Plaintiffs aver that amendment should be granted because all of the subsections of Fed. R. Civ. P. 15(c) have been met.

> Fed. R. Civ. P. 15(c) provides:
> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). The first two subsections of Rule 15(c) are satisfied as 15(c)(1) does not apply, and 15(c)(2) is clearly met as Plaintiffs are only seeking to amend the caption so as to identify aliases. The Court finds that 15(c)(3)(A) has also been satisfied because pursuant to the proofs submitted with the Certification of Plaintiffs, the proposed additional Defendants had notice of the institution of this action as they are merely alter-egos of Defendant Congregation Beth Solomon. From Plaintiff's submissions, it appears that Congregation Beth Solomon and its alter egos are all one synagogue located in Philadelphia, PA. The Court also finds that Plaintiffs have satisfied 15(c)(3)(B)because service upon Defendant Beth Solomon Congregation was properly effectuated, said Defendant "knew or should have known" that but for a mistake, the

5

action would have been brought against the alter-egos as well.  The Court finds that Plaintiffs have satisfied all of the requirements of Rule 15(c).  In addition, Defendants have failed to offer any arguments to suggest that amendment of the caption would result in undue prejudice to Defendants.  Plaintiffs aver that at the time of the filing of the Complaint and entry of default judgment they were not aware of the alter-egos of the Defendant.  Due to the confusing nature of the parties of this case, the Court deems this to be excusable neglect.  As such, Plaintiffs' request to amend the caption to include CONGREGATION BETH SOLOMON a/ka SUBURBAN BETH SOLOMON, a/ka CONGREGATION BETH SOLOMON SYNAGOGUE AND COMMUNITY CENTER, a/ka CONGREGATION BETH SOLOMON SUBURBAN OF SOMERTON a/ka CONGREGATION BETH SHALOM is granted.

*Amendment of Order of Judgment*

Fed. R. Civ. P. 60(a) provides for relief from judgment or order due to clerical error.  A clerical error may be corrected by the Court at any time of its own initiative or on the motion of any party.  Here, Plaintiffs posit that this Court made a clerical error in failing to include a sum certain judgment in the February 7, 2005 Order.  Plaintiffs aver that the relief requested was for judgment on Count XV of the Amended Complaint which made a demand for recision of the monies paid for the purchase of purported "shares", which monies, as among the Witty Plaintiffs, totaled $57,000.00.  Plaintiffs state that because no amount was specifically stated in the Court's Order, collection on the default is impossible.  Nothing in the file suggests that Plaintiffs ever requested a sum certain be included in the Order of Judgment, or that Plaintiffs were directed to file additional proofs with the Court.

Defendants' have submitted both an opposition to Plaintiffs' request to amend the default judgment to reflect a sum certain judgment, as well as an application that the default judgment be vacated. In the interests of justice, before this Court determines whether to grant Plaintiffs' motion to amend the order of judgment, it will consider whether the default judgment should be vacated.

Defendants moves to vacate default judgment pursuant to Fed. R. Civ. P. 60(b)(4). Pursuant to Fed.R.Civ.P. 60(b)(4), "[o]n motion and upon such terms as are just, the court may relieve a party... from a final judgment" if "the judgment is void." Lack of jurisdiction is "[t]he principal basis for an attack on a default judgment under Rule 60(b)(4)." C. Wright, A. Miller & M. Kane, 10 Federal Practice & Procedure § 2695 at 503 (1983). If the judgment is void, the district court has no discretion but to set aside the entry of default judgment. Id. § 2697.

Rabbi Issacson and the Congregation Defendants ("Issacson Defendants"), citizens of Pennsylvania, contend this Court lacks both personal and subject matter jurisdiction over the Defendants. Plaintiffs argue that the requirements for subject matter jurisdiction have been met because federal question jurisdiction is present in that they are seeking relief pursuant to the Securities Exchange Act of 1933 and 1934, and Rule 10b-5. In Plaintiffs' original complaint, they assert jurisdiction pursuant to "Section 27 of the Securities Exchange Act (15 U.S.C. Section 78aa), Section 10b and 20(a) of the SEA (15 U.S.C. 78j(6) and 78t(a) and Rule 10b-5 promulgated thereunder." As such, assuming that the Plaintiffs' allegations fall within the scope of the Securities Exchange Act of 1934, it appears that this Court would have federal question jurisdiction over Plaintiffs' claims. As such, it would not be proper to render the judgment void

7

on subject matter jurisdiction grounds.

With respect to personal jurisdiction, the Issacson Defendants argue that Plaintiffs have failed to establish minimum contacts with the state of New Jersey. Personal jurisdiction arises when a defendant "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). In other words, the defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980). To demonstrate such conduct, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984)).

"Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.' " BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir.2000) (quoting Burger King, 471 U.S. at 472). Here, Plaintiffs assert that the instant litigation arises the sale of securities to Plaintiffs in Passaic, New Jersey.[1] According to Plaintiffs'

---

[1] Plaintiff Witty's certification in opposition to the motion to vacate default judgment contains both legal and factual conclusions. The Court notes that to the extent that the certification contains legal conclusions, they will be ignored pursuant to Local Civil Rule 7.2. See, e.g., Johnson v. Guhl, 91 F.Supp 2d 754, 765 (D.N.J. 2000.)

8

Affidavit, Defendant Rabbi Issacson and/or his agent solicited the sale of securities through meetings and presentations given in Passaic, New Jersey (See Plaintiffs' Certification in Opposition to Motion to Vacate Default Judgment).  Promotional material relating to the company for which the securities were being marketed were mailed to Passaic, New Jersey.  Plaintiffs further aver that they gave a check made payable to Congregation Beth Solomon, a Pennsylvania congregation, for the purchase of the sale of the securities, to an agent of Defendant Issacson in Passaic, New Jersey.  The Court finds that these allegations support a finding that Issacson Defendants purposefully directed the sale of securities at New Jersey residents.  As such, the Court finds that sufficient contacts with New Jersey existed so as to justify the exercise of personal jurisdiction over the Issacson Defendants.  In light of this finding, the Court finds that the default judgment against the Issacson Defendants should not be voided pursuant to Fed. R. Civ. Pr. 60(b)(4).

The Issacson Defendants have not provided a viable reason under Rule 60(b) to vacate the default judgment against them.  However, the Third Circuit also mandates that a district court generally must weigh three factors in ruling on a motion to vacate default judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.  Emcasco Insurance Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir.1985); Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598, 601 (D.N.J.2003).

The Issacson Defendants argue that default judgment should be vacated because they have

a meritorious defense against Plaintiffs' claims.  To establish a meritorious defense, the Issacson Defendants "must set forth with some specificity the grounds for [their] defense." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).  Here, the Issacson Defendants' allege that should default be vacated they would be able to prove a lack of fraud in the transaction at issue, and furthermore that Plaintiffs' signed an indemnity agreement precluding suit.  A copy of the indemnification agreement signed by Plaintiffs Irwin Witty and Noah Witty is attached to the Issacson Defendants' motion to vacate default.  (See "Motion to Vacate and Set Aside Order of Default Judgment"[2]).  It appears that the Issacson Defendants have a meritorious defense to this action.  As such, this factor weighs in favor of vacating the default judgment.

     Defendants also argue that Plaintiffs would not be prejudiced if the default is lifted.  However, the Court disagrees.  As Plaintiffs note in their opposition, prejudice does in fact exist because one of the key witnesses, Irwin Witty, died in July of 2005.  Due to Defendants' failure to properly take part in this lawsuit, Plaintiffs lost a significant witness, an event that is undeniably prejudicial to Plaintiffs' case.  As such, this factor weighs against vacating default judgment.

     The third factor to be considered is whether the default judgment was the result of Defendant's culpable conduct.  In the *pro se* motion filed by Rabbi Issacson, he claim not to have been aware that default judgment had been entered against him until he received Plaintiffs' motion to amend the judgment.  Furthermore, he claims that he filed pleadings on behalf of himself and the Beth Solomon Defendants that were not reflected on the docket.  He claims that

---

[2] Although improperly titled, the Court will construe the document entitled "Motion to Vacate and Set Aside Order of Default Judgment" as a certification for purposes of authentication of the Issacson Defendants' exhibits.  In the document, the Issacson Defendants' attorney attests to the true and accurate nature of each exhibit.

10

neither he nor any other Defendant in the action had notice that a final judgment of default had been entered against them.  Rabbi Solomon argues that his religious beliefs prevented him from appearing in this Court.  He avers that the parties agreed to seek the resolution of this matter in the Jewish Courts. He alleges that he believed that Plaintiffs intended to so resolve this dispute despite Plaintiff Witty's filing of default judgment motions in this court.

The Court finds Rabbi Issacson and the Issacson Defendants' claims to have been unaware of this lawsuit incredible.  Court records indicate all the Issacson Defendants were properly served and failed to respond despite the best efforts of Plaintiffs' counsel.  The Issacson Defendants' blatantly ignored the jurisdiction of this Court until now, when faced with Plaintiffs' application to amend the judgment to include a sum certain.  Default judgment was entered over one year before Plaintiffs' motion to amend judgment and at no point during that time did Defendants' attempt to make contact with this Court.  In sum, the Court finds that default judgment was in fact the result of Defendants' culpable conduct.

It is the finding of the Court that the circumstances of this case do not weigh in favor of granting the Issacson Defendants' or the other pro se Defendants' motions to vacate default judgment.  As such, all Defendants' motions will be denied.  Plaintiffs' motion to amend the judgment will be granted.  Plaintiffs' are directed to submit to this Court a brief memorandum and accompanying proofs relating to the sum certain requested.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend to substitute parties, amend the caption and amend the judgment to reflect a sum certain is granted.  Individual Defendants Rabbi

Issacson, Shloime Isaacson, Rivky Isaacon, Susan Laura Isaacson, Samuel Danielli, Allen Licht, and Defendant Beth Solomon Congregation and its affiliates pro se motion to vacate default, and Rabbi Issacson and the Congregation motion to vacate default filed by Counsel are denied.

Date:       July 13, 2006                         S/ Dennis M. Cavanaugh
                                                  DENNIS M. CAVANAUGH,U.S.D.J.

Original:   Clerk's Office
cc:         All Counsel of Record
            Magistrate Judge Mark Falk