```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY


IRWIN E. WITTY, et al.,         :

        Plaintiffs,             :    Civil No. 02-1933 (DMC)

    v.                          :

PRIMUS TELECOMMUNICATION        :    ORDER DENYING COSTS
GROUP, INC., et al.,
                                :
        Defendants.
                                :

_____
```

This matter has come before the Court by application of the "Witty" Plaintiffs for a bill of costs and disbursements, pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1.

The primary issue for the Clerk to decide is the timeliness of Plaintiffs' January 31, 2007 bill of costs, which was filed nearly two years after the Court entered Final Default Judgment [58] in this matter. Local Civil Rule 54.1(a) states the following:

> Within 30 days after the entry of a judgment allowing costs, or within 30 days of the filing of an order dispositive of the last of any timely-filed post-trial motions, whether or not an appeal has been filed, the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements, together with a notice of motion when application will be made to the Clerk to tax the same.

Below is a brief history of Orders entered by the Court in this matter.

**ENTERED DATE ON DOCKET**

Feb. 7, 2005   [58] ORDER[1] for Final Judgment by Default entered in favor of Plaintiffs and against Defendants.

Feb. 7, 2005   [57] ORDER dismissing certain Defendants.

Feb. 8, 2005   [60] ORDER[2] vacating the [58] Order and entering judgment as to Witty Plaintiffs only and against Defendants.

Feb. 24, 2005  [61] ORDER dismissing the case and directing the matter to be closed.

July 14, 2006  [83] ORDER amending caption.

A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). Although the Clerk does not need to decide precisely which of the above-mentioned Orders is considered Final pursuant to Fed. R. Civ. P. 54(b) and 58, the Clerk is of the opinion that either Order [58] or [60] for Final Judgment by Default is a Final Order, under Fed. R. Civ. P. 54(b) and 58, thus triggering the time to file a bill of costs under L. Civ. R. 54.1. It further appears that the [61] Order was entered for purposes of

---

[1] "The Order denomination as an 'order,' rather than a 'judgment,' does not mean that it fails to satisfy the separate document requirement" under Fed. R. Civ. P. 58. Local Union No. 1992 of Int'l Bhd. v. Okonite, 358 F.3d 278, 285 (3d Cir. 2004).

[2] This Order clarified the [58] Order by entering judgment as to the Witty Plaintiffs only.

2

clarification in order to direct the Clerk to statistically terminate the matter in his records.

Additionally, because this matter was disposed of by Default Judgment, no post trial motions pursuant to Fed. R. Civ. P. 59 were filed.  The docket reflects that the "Witty" Plaintiffs have filed a motion to amend or alter judgment; however, it appears that this type of motion is filed out-of-time because a motion to alter judgment is required to be filed no later than 10 days after entry of judgment.  Fed. R. Civ. P. 59(e).

Based on the above, the Clerk finds the "Witty" Plaintiffs have filed their bill of costs out-of-time under Local Civil Rule 54.1 because either the Order for Final Judgment by Default [58] entered on February 7, 2005 or the Order entering Judgment as to the "Witty" Plaintiffs, on February 8, 2005 [60], would have triggered the time period within which to file a bill of costs under L. Civ. R. 54.1.  Plaintiffs would have had to file their motion for bill of costs by March 8 or 9 of 2005.

Therefore, the Clerk will deny the "Witty" Plaintiffs' bill of costs as being untimely filed under L. Civ. R. 54.1.

In accordance with L. Civ. R. 54.1(h), "A dissatisfied party may appeal to the Court upon written notice of motion served within **FIVE DAYS** of the Clerk's action, as provided in Fed. R. Civ. P. 54(d)."  (Emphasis added.)

                                      WILLIAM T. WALSH, CLERK

                                      By:

                                      S/ John T. O'Brien
                                          Deputy Clerk

March 6, 2007